UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE, COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:18-CV-00738-AGF |
| COTE BRILLIANTE PRESBYTERIAN CURCH, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion (ECF 5) to dismiss and remand the case to the Circuit Court for the City of St. Louis. For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff is an insurance company incorporated and headquartered in Iowa and registered in Missouri. Defendant is a Missouri non-profit insured by Plaintiff under a commercial insurance policy. At some time in 2012 or 2016, Defendant hired a contractor to repair its church organ. The organ was returned in a damaged condition, prompting Defendant to file a property claim under its insurance policy with Plaintiff.

Plaintiff denied the claim and filed this declaratory judgment action (ECF 1) seeking a determination whether the policy covers Defendant's claimed loss. Defendant filed the present motion asking the Court to dismiss and remand the case to state court for lack of diversity jurisdiction. Specifically, Defendant asserts that Plaintiff is considered a

citizen of Missouri under the diversity statute, 28 U.S.C. §1332(c)(1). Plaintiff responds that an insurer is a deemed a citizen of its insured's state only in direct actions by third parties and thus not in this case.

### DISCUSSION

As relevant here, the diversity statute states:

> A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance … to which action the insured is not joined as a party-defendant*, such insurer shall be deemed a citizen of … every State and foreign state of which the insured is a citizen.

28 U.S.C. §1332(c)(1)(A) (emphasis added). Precedent interpreting the statute instructs that suits between an insurer and its insured are not "direct actions." "Courts have uniformly defined the term "direct action" … as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982). By contrast, when an insured, as the injured party, brings suit against his insurer, no direct action exists. *McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989). This is so because "[a]pplying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity -- federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same

2

state." *Lee-Lipstreu v. Chubb Group of Ins. Companies*, 329 F.3d 898, 899–900 (6th Cir. 2003).

Accordingly, in *Chinnock v. Safeco Nat. Ins. Co.*, 10-04105-CV-W-FJG, 2010 WL 2803056 (W.D. Mo. July 15, 2010), where a plaintiff sued her own insurer for underinsured motorist benefits and vexatious refusal to pay, the court denied remand, reasoning, "this case is not a 'direct action' but is rather a contract action." *Id*. at *4. Similarly here, although the present suit was initiated by the insurer rather than the insured, it nonetheless remains a contract action between them and not a direct action by an injured third party as contemplated in the diversity statute. Consequently, Plaintiff is considered a citizen of Iowa, so diversity jurisdiction exists.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss and remand the case is **DENIED**. ECF 5.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2018.