UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GUIDEONE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:18-CV-00738-AGF |
| COTE BRILLIANTE PRESBYTERIAN CHURCH, | ) ) ) ) | |
| Defendant. | ) ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for summary judgment (ECF No. 23) in this diversity action for declaratory judgment arising out of an insurance policy. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Defendant Cote Brilliante Presbyterian Church is a religious institution in the City of St. Louis, Missouri. At the time relevant to this case, the Church carried property and casualty insurance under a policy issued by Plaintiff GuideOne Mutual Insurance Company. At some point between 2012 and 2016, the Church hired Christopher Kiepper to perform maintenance on its pipe organ. In the course of that work, Mr. Kiepper damaged the organ in the amount of $700,000. In February 2018, the Church submitted the claim to GuideOne for coverage under the policy. GuideOne refused to pay the claim and filed this action seeking a declaration of no coverage. In response, the Church filed a counterclaim for vexatious refusal and bad faith (ECF No. 13). GuideOne sought leave to file a motion for

summary judgment prior to the completion of discovery (ECF No. 22), and this Court granted the motion (ECF No. 27), which has been fully briefed.[1]

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must view facts in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

In a diversity case governed by Missouri law, the Court is "bound by the decisions of the Supreme Court of Missouri" and will "follow decisions from the intermediate state courts when they are the best evidence of Missouri law." *Gray v. FedEx Ground Package Sys., Inc.*, 799 F.3d 995, 999 (8th Cir. 2015). In construing the terms of an insurance policy, Missouri courts "apply the meaning which would be attached by an ordinary person of average understanding if purchasing insurance and resolve ambiguities in favor of the insured." *Jensen v. Allstate Ins. Co.*, 349 S.W.3d 369, 373 (Mo. App. W.D. 2011) (citing *Burns v. Smith,* 303 S.W. 3d 505, 509 (Mo. 2010)). "When an insurer brings a declaratory

---

[1] GuideOne has also filed a motion to strike (ECF No. 34) additional facts asserted in the Church's response (ECF No. 30) in that they lack corresponding citations to the record, in violation of Rule 56(e) and Local Rule 7-4.01(E). Given GuideOne's success on the merits as discussed herein, the Court will deny as moot GuideOne's motion to strike.

judgment [action] seeking to prevent coverage under the insurance policy, the burden of establishing the exclusion of coverage rests with the insurer." *American Family Mut. Ins. Co. v. Arnold Muffler, Inc.*, 21 S.W.3d 881, 883 (Mo. App. E.D. 2000).

According to the foregoing standards, any ambiguity of fact or law must be construed in favor of the Church at this stage, and GuideOne bears the burden of showing that coverage for the Church's claim is excluded under the policy. Mindful of these standards, the Court finds GuideOne's motion meritorious.

**Analysis**

In support of its motion for summary judgment, GuideOne asserts that the plain language of the policy expressly excludes damage sustained in the course of any repair or maintenance work. Specifically, the Exclusions section states in pertinent part:

> We will not pay for loss or damage caused by or resulting from any of the following . . . Faulty, inadequate or defective . . . (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . or (4) Maintenance; of part or all of any property on or off the described premises. ECF No. 1-1, p. 76.

In response, the Church contends that the policy, when read as a whole, is ambiguous as to whether coverage exists for its claim. Specifically, the Church relies on the following language of the Additional Coverages section:

> If a Covered Cause of Loss occurs to covered Building property, and causes the enforcement of any ordinance or law that (a) is in force at the time the cause of loss occurs, and (b) regulates the demolition, repair or reconstruction of that building, or establishes zoning or land use requirements at the described premises, we will pay: … ECF No. 1-1, p. 44.

The Church invokes this provision in that Kiepper's defective work on the organ created safety hazards in violation of various mechanical and electrical codes and ordinances. Thus,

3

the Church argues, when comparing the Exclusions language with the Additional Coverages language, an ambiguity results and must be resolved in the Church's favor.

The Church's position is unavailing. The Church admits that the damage to its organ resulted from defective repair and maintenance work. The plain language of the Exclusions section clearly states that coverage does not extend to such damage. Thus, the Church's claim falls squarely within the Exclusions; it is not a covered cause of loss. Although the Church is generally correct that the Exclusions section must be read in the context of the entire policy, as relevant here, the Court finds no ambiguity in the policy as a whole. The Additional Coverages section simply does not apply to the present facts. By its plain language, that section only provides coverage for expenditures required in order to comply with an ordinance *after* a covered loss has occurred; a *covered* loss is a prerequisite. This is further confirmed by the coverage limits stated in the Additional Coverages section, which continues:

> …we will pay (1) up to $350,000 for the actual loss in the replacement cost value of the undamaged portion of the building as a consequence of enforcement of an ordinance… (2) up to $350,000 for the amount you actually spend to demolish and clear the site… (3) up to $250,000 for the amount you actually spend for the increased cost to repair, reconstruct, or remodel that building… ECF No. 1-1, p. 45.

Clearly, this section contemplates circumstances markedly different from a loss resulting from faulty workmanship, which is expressly contemplated in the Exclusions clause.

Finally, the Church attempts to create an ambiguity from another section of the policy that states: "The act or neglect of any person other than you beyond your direction or control will not affect this insurance." The Court finds no ambiguity here either. This provision merely means that Mr. Kiepper's underlying negligence is irrelevant to the

4

analysis.

While the Court appreciates the significance of the Church's loss, as a matter of law, the plain language of the insurance policy excludes that loss from the scope of coverage. Simply put, GuideOne did not undertake to guarantee the work of third-party contractors. There is no ambiguity to be interpreted in the Church's favor in this regard and, therefore, no genuine issue of material fact in dispute. GuideOne is entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **GRANTED.** ECF No. 23.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendant's additional material facts is **DENIED as moot**. ECF No. 34.

*(signed)*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2019.